UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, and APPRENTICESHIP,
JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND,
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY
FUND, and THE CARPENTER
CONTRACTOR ALLIANCE OF
METROPOLITIAN NEW YORK,

        Petitioners,

   -against-

MITMO, INC.,

        Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/10/2026

25-CV-01079 (MMG)

**ORDER**

---

MARGARET M. GARNETT, United States District Judge:

On February 6, 2025, Petitioners filed a Petition to Confirm Arbitration Award (the "Petition") to confirm the July 22, 2024 arbitration award (the "Award"). Dkt. No. 1. On February 7, 2025, the Court set a briefing schedule for Petitioners' submission of any additional materials in support of the Petition, Respondent's opposition, and Petitioner's reply. Dkt. No. 7. Petitioners served Respondent with the Petition, supporting materials, and the Court's February 7 Order. Dkt. Nos. 9-11. Pursuant to the briefing schedule, Respondent's opposition was due no later than March 28, 2025. Dkt. No. 8. To date, Respondent has neither appeared in this action, nor responded to the petition, nor otherwise sought relief from the Award. Petitioners have therefore requested that the petition be reviewed as an unopposed motion to confirm the arbitration award. Dkt. No. 12.

The Court must treat the Petition, even though unopposed, "as akin to a motion for summary judgment based on the movant's submissions." *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Constr. Corp.*, 11-CV-1715 (JMF), 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013) (discussing in depth the legal standards for resolving unopposed petitions to confirm arbitration awards). After reviewing the Petition and the supporting materials, the Court finds that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the Arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id.* at *3 (internal quotation marks omitted). Nor is there any justification under Section 10(a) of the Federal Arbitration Act for vacating the Award.

Accordingly, the Court GRANTS Petitioners' unopposed Petition to confirm the Award. Judgment is entered in favor of Petitioners and against Respondent as follows:

1. The July 22, 2024 Award is confirmed in all respects;

2. Respondent is ordered to pay Petitioners a total of $180,918.68, plus interest at the annual rate of 10.5% from July 22, 2024 through the date of this Judgment, pursuant to the terms of the Award;

3. Respondent is further ordered to pay Petitioners $1,403 in attorneys' fees and $123.50 in costs arising out of this action; and

4. Respondent is further ordered to pay Petitioners post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961(a).

The Clerk of Court is respectfully directed to enter judgment as set forth above and CLOSE this case.

Dated: June 10, 2026
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge

2